**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BOBBY COLLIER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:17-CV-711-RDP** |
| | } | |
| **CITY OF BESSEMER, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

<u>**MEMORANDUM OPINION**</u>

This case is before the court on Defendants' Motion to Dismiss (Doc. # 52). After careful consideration, and for the reasons explained below, the court concludes that the motion is due to be granted in part and denied in part.

**I.      Procedural History and Background**

Bobby Collier filed this civil action on May 3, 2017. (Doc. # 1). Mr. Collier has filed three different complaints in this case: his original complaint (Doc. # 1), his first amended complaint (Doc. # 23), and his second amended complaint (Doc. # 50). Because the factual allegations of the various complaints are relevant to deciding Defendants' motion to dismiss, the court describes each in turn.

According to his original complaint, Mr. Collier was shot multiple times on May 3, 2015. (Doc. # 1 at ¶ 17). After Mr. Collier was shot, he alleged a paramedic arrived on scene and erroneously determined that he "had suffered only a graze" when in fact two bullets were lodged in Mr. Collier's buttocks. (*Id.* at ¶¶ 19, 35). Two Bessemer City police officers, identified as "Defendants 'A' and 'B,'" then arrested Mr. Collier for discharging a weapon and transported

him to the Bessemer City jail, despite his request to go to the hospital. (*Id.* at ¶¶ 11, 19, 21). While being processed at the jail by "Defendants 'C' and 'D,'" Mr. Collier removed his clothes, revealing two wounds in his buttocks. (*Id.* at ¶ 22). Mr. Collier's wounds were still bleeding at this time, but "Defendants 'C' and 'D'" simply gave Mr. Collier jail clothes and rushed him into his cell, ignoring his continued requests for medical attention. (*Id.* at ¶¶ 23-24). During the course of his time in custody, additional city employees (who were also designated as fictitious defendants) ignored Mr. Collier's requests for medical attention. (*Id.* at ¶¶ 25-33).

Mr. Collier was later released from custody, and all charges against him were dropped. (*Id.* at ¶ 29). After his release, Mr. Collier's mother smelled a strong odor coming from his gunshot wounds and promptly took him to the emergency room. (*Id.* at ¶ 34). There, medical personnel discovered the two bullets lodged in Mr. Collier's buttocks. (*Id.* at ¶ 35). By this time, the wounds were so infected that Mr. Collier had to undergo a week of treatment before he could have surgery to remove the bullets. (*Id.* at ¶ 36). The surgeons were unable to remove every piece of the bullet from Mr. Collier's body, and Mr. Collier has since spent months recovering, has experienced residual problems related to the injury, and has experienced significant pain and suffering. (*Id.* at ¶ 38).

Almost eleven months after filing his original complaint, Mr. Collier filed his first amended complaint. (Doc. #23). Mr. Collier's first amended complaint tells much the same story as his original complaint, with a few differences. First, the first amended complaint substituted Defendants Ronald Wilder and Jamal Bouyer for fictitious defendants "A" and "B" in the original complaint. (Doc. # 23 at ¶¶ 9-10). Defendants Wilder and Bouyer are the Bessemer City police officers who arrested Mr. Collier. (*Id.*). The first amended complaint also clarifies that the paramedic(s) who treated Mr. Collier before he was taken to jail arrived at the scene after

Officers Wilder and Bouyer had arrested Mr. Collier, not before. (*Id.* at ¶¶ 11-12). The first amended complaint repeated Mr. Collier's allegation that the paramedic(s) improperly diagnosed his gunshot wounds as mere grazes and that Officers Wilder and Bouyer then took him to jail without further medical treatment, despite his requests to go to the hospital. (*Id.* at ¶¶ 12-13). The rest of the allegations in the first amended complaint are substantially similar to the original complaint.

Finally, in July 2018, Mr. Collier filed his second amended complaint. (Doc. # 50). The second amended complaint, which now purports to be the operative pleading in this case, states that Mr. Collier was shot twice in his buttocks prior to being arrested by Officers Wilder and Bouyer and that the officers took him straight to jail upon arresting him, ignoring his requests for medical treatment at a hospital. (*Id.* at ¶¶ 8-11). But the second amended complaint entirely omits any reference to the paramedics who allegedly stated that Mr. Collier had only suffered a graze. (*Id.*). The remainder of the allegations in the second amended complaint are substantially similar to those in his first two complaints.

The only defendants remaining in this case are the City of Bessemer ("the City") and Officers Wilder and Bouyer[1] ("the Officers"). (Doc. # 49; Doc. # 50). Those remaining defendants now move to dismiss Mr. Collier's second amended complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); (Doc. # 52).

## II.     Legal Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include enough facts "to raise a right to relief above the speculative level." *Bell*

---

[1] Officer Bouyer has not yet been served, but the court addresses the allegations against him for completeness.

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not satisfy Rule 8, and neither do pleadings that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the nonmoving party. *Watts v. Fla. International Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific, and to survive the motion, the allegations must permit the court, based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims must be dismissed. *Twombly*, 550 U.S. at 570.

## III.  Analysis

Mr. Collier claims that both the City and the Officers violated the Fourteenth Amendment through their deliberate indifference to his need for medical care,[2] and that the City is also liable for negligently failing to train and supervise its employees. (Doc. # 50 at ¶¶ 38, 40, 43). The court will address Mr. Collier's claims against the City and the Officers separately.

---

[2] Though none of Mr. Collier's complaints invoke 42 U.S.C. § 1983, the court assumes that Mr. Collier intends to rely on that statute to provide a private right of action against Defendants for their alleged violations of the Fourteenth Amendment.

**A. Mr. Collier's Claims Against the Officers**

"The Due Process Clause of the Fourteenth Amendment requires government officials to provide medical care to individuals who have been injured during apprehension by the police." *Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). To prevail on a § 1983 claim alleging a violation of that right, a plaintiff must show that government officials were deliberately indifferent to an objectively serious medical need. *Id.* Mr. Collier claims Officers Wilder and Bouyer violated the Fourteenth Amendment by being deliberately indifferent to his serious medical needs when they took him to jail instead of to the hospital after arresting him. The Officers make two arguments in support of their motion to dismiss Mr. Collier's § 1983 claim against them. First, they argue that his claim is time-barred by the applicable statute of limitations. Second, they argue that Mr. Collier's allegations do not plausibly suggest that the Officers violated clearly established law and thus that the doctrine of qualified immunity requires dismissal.

**1. Dismissal on Statute of Limitations Grounds Would Be Improper**

Because federal law does not contain a statute of limitations for § 1983 claims, federal courts must look to state law to supply the appropriate limitations period. *See Owens v. Okure*, 488 U.S. 235, 239 (1989). The Supreme Court has instructed federal courts entertaining § 1983 actions to borrow the limitations period of a state's residual or general personal injury statute of limitations. *Id.* at 250. Thus, § 1983 claims brought in Alabama are subject to the two-year statute of limitations found in Ala. Code § 6-2-38(l). *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989).

The Officers argue Mr. Collier's claim is time-barred because he failed to name them as defendants until after the two-year limitations period expired. Mr. Collier filed his original complaint on May 3, 2017, exactly two years from the date of his arrest by Officers Wilder and Bouyer and thus the final day of the limitations period. But the original complaint referred to the arresting officers as fictitious defendants "A" and "B," and Mr. Collier did not name Officers Wilder and Bouyer as defendants until more than 10 months later, when he filed his first amended complaint. Mr. Collier responds that his claim is timely because his substitution of Officers Wilder and Bouyer in the first amended complaint relates back to the date of the original complaint.

Where state law supplies the applicable statute of limitations, a federal court must apply the relation-back rules of that state. *Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963-66 (11th Cir. 2001).[3] Because Alabama law supplies the statute of limitations in this case, Alabama's relation-back rules govern whether Mr. Collier's substitution of Officers Wilder and Bouyer for the fictitious defendants named in the original complaint relates back to the date of the original complaint.

Under Alabama law, the substitution of named defendants for fictitious defendants relates back to the date of the original complaint when "(1) the original complaint adequately described the fictitious defendant; (2) the original complaint stated a claim against the fictitious defendant; (3) the plaintiff was ignorant of the true identity of the defendant; and (4) the plaintiff used due diligence to discover the defendant's true identity." *Saxton*, 254 F.3d at 965 (citing *Jones v. Resorcon, Inc.*, 604 So. 2d 370, 372-73 (Ala. 1992)). In his original complaint, Mr. Collier

---

[3] Though *Saxton* was a diversity case involving state law claims, its reasoning applies squarely to any situation where state law provides the applicable statute of limitations, whether the substantive claim arises under federal or state law. *See* 254 F.3d at 963 ("[I]f an amendment relates back under the law that provides the applicable statute of limitations, that amendment relates back under [Federal Rule of Civil Procedure] 15(c)(1) even if the amendment would not relate back under the federal law rules.").

described fictitious defendants "A" and "B" as the Bessemer city police officers who arrested him on May 3, 2015 (Doc. # 1 at ¶ 11), and the court assumes for purposes of this ruling that the description adequately identified the defendants. The court also assumes that the original complaint stated a claim against the Officers, at least for purposes of Alabama's relation-back rules,[4] and that Mr. Collier was ignorant of the true identity of the Officers when he filed the complaint.[5]

Thus, whether Mr. Collier's § 1983 claim against the Officers is time-barred depends on whether he used due diligence to discover their true identity. Although there is a serious question about whether Mr. Collier met this requirement,[6] this question is properly resolved on summary judgment, not a motion to dismiss. In the Eleventh Circuit, "a Rule 12(b)(6) dismissal on statute

---

[4] The court does not hold that the allegations of the original complaint stated a claim against the Officers under the federal pleading standard announced in *Twombly* and *Iqbal*. But since the court must apply Alabama's relation-back rules in this case, it must interpret Alabama's requirement that the original complaint state a claim against the fictitious defendant as the Alabama Supreme Court understood that requirement when it announced it. The Alabama Supreme Court doubtless understood that requirement to mean that the original complaint must state a claim against the fictitious defendant under *Alabama's* pleading standard, not the federal standard. And in Alabama, dismissal for failure to state a claim is appropriate only "when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Snider v. Morgan*, 113 So. 3d 643, 651 (Ala. 2012). Under that (lenient) standard, the court is willing to assume that Mr. Collier's original complaint stated a claim against the fictitious defendants.

[5] Mr. Collier's counsel has represented to the court that "the individual officers' identities were unknown" to Mr. Collier when he filed his original complaint. (Doc. # 56 at 4).

[6] The due diligence prong of Alabama's relation-back test asks whether at the time of the original complaint a plaintiff knew or should have known "that the substituted defendants were in fact the parties described fictitiously." *Jones*, 604 So. 2d at 373 (quoting *Davis v. Mims*, 510 So. 2d 227, 229 (Ala.1987)). A plaintiff's obligation to diligently pursue the true identity of defendants continues to apply even "after filing the original complaint," and a plaintiff must substitute a named defendant for a fictitious party "within a reasonable time after determining the defendant's true identity." *Ex parte Hensel Phelps Const. Co.*, 7 So. 3d 999, 1003 (Ala. 2008) (emphasis omitted). Alabama courts have found due diligence lacking where the plaintiff failed to obtain relevant reports prior to filing suit or failed to conduct formal discovery on the identity of fictitious defendants after bringing suit. *See Bowen v. Cummings*, 517 So. 2d 617, 618 (Ala. 1987); *Ex parte Hensel Phelps Const. Co.*, 7 So. 3d 999, 1003-04 (Ala. 2008).

In this case, Mr. Collier failed to identify the officers who arrested him until more than 10 months after the statute of limitations expired and almost three years after the date of his arrest. The record is devoid of any attempts by Mr. Collier to ascertain the Officers' identity during that time through either formal or informal means. There is no evidence that Mr. Collier ever asked for his arrest report, and in the 10 months between filing his original complaint and his amended complaint Mr. Collier did not serve any written discovery on the City of Bessemer requesting the identity of any individual. (Doc. # 57 at 6). Thus, it is unclear at this stage whether Mr. Collier used due diligence to determine the true identities of the Officers.

of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted). Whether Mr. Collier pursued the true identities of the Officers with due diligence cannot be determined solely by looking at his various complaints; thus, the court may not grant the Officers' Rule 12(b)(6) motion on that basis. The court will defer ruling on the statute of limitations defense until the parties have conducted discovery on the issue.

### 2. Mr. Collier's Allegations Plausibly Suggest a Violation of Clearly Established Law

It is clearly established law in the Eleventh Circuit that officers act with deliberate indifference when they "intentionally delay seeking treatment for a life-threatening injury" or "an urgent medical condition that would be exacerbated by delay." *Valderrama v. Rousseau*, 780 F.3d 1108, 1121 (11th Cir. 2015). In *Valderrama*, the Eleventh Circuit held that police officers violated clearly established law when they delayed calling an ambulance for an arrestee with a life-threatening gunshot wound and purposefully misreported the gunshot wound to 911 dispatchers as a laceration. *Id.* at 1117-22. Here, Mr. Collier has alleged that the officers who arrested him ignored his requests for medical treatment for his gunshot wounds and instead took him straight to jail without receiving medical treatment.[7] These factual allegations are enough to raise Mr. Collier's "right to relief above the speculative level," and are thus enough to survive a motion to dismiss for failure to state a claim. *Twombly*, 550 U.S. at 555. Further, the court believes that some limited discovery is necessary before it can properly assess the qualified immunity defense raised. The court will thus permit the parties to proceed with discovery on this

---

[7] For purposes of this ruling, the court considers the Mr. Collier's second amended complaint, which is the operative pleading in this case.

issue and will reconsider whether qualified immunity bars Mr. Collier's claims at the summary judgment stage.

**B. Mr. Collier's Claims Against the City**

After careful review, the court concludes that Plaintiff's claims against the City are due to be dismissed.

**1. Deliberate Indifference**

A municipality may be liable under § 1983 "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation marks omitted). But local governments may be liable "only for their *own* illegal acts" under § 1983. *Id.* (emphasis in original) (internal quotation marks omitted). "They are not vicariously liable under § 1983 for their employees' actions." *Id.*

Additionally, to state a claim under § 1983 against a municipality, a plaintiff must allege that "action pursuant to official municipal policy caused their injury." *Id.* (internal quotation marks omitted). A policy that forms the basis for § 1983 liability must be either an "officially promulgated" municipal policy or "an unofficial custom or practice" of the municipality "shown through the repeated acts of a final policymaker" of the municipality. *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). In the case of an unofficial custom or practice, the plaintiff must show that the custom or practice "is the moving force [behind] the constitutional violation." *Id.* at 1330 (alteration in original) (internal quotation marks omitted).

Here, Mr. Collier has alleged no facts that plausibly suggest an official or unofficial City policy that was the "moving force" behind any deliberate indifference toward Mr. Collier's medical needs. The only references in the second amended complaint to any City policy are mere

legal conclusions unsupported by factual allegations. *See* (Doc. # 50 at ¶ 30) ("The decision[s] of the individual Defendants to deny Plaintiff necessary and appropriate medical care were made pursuant to one or more municipal policies and customs."); (*Id.* at ¶ 40) ("The denial of medical treatment to Plaintiff is directly attributable to one or more customs and/or policies of the City of Bessemer."). Pleadings such as these that rely on mere "labels and conclusions" do not satisfy Rule 8. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (explaining that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Accordingly, Mr. Collier's § 1983 deliberate indifference claim against the City is due to be dismissed.

## 2. Negligent Supervision and Training

Count II of the second amended complaint alleges that the City is liable for negligently failing to provide adequate supervision and training to its employees. (Doc. # 50 at ¶ 43). The complaint does not specify whether this claim is brought under § 1983 or state law, but in either event the claim is due to be dismissed.

If the claim is brought under § 1983, it fails for the same reason Mr. Collier's § 1983 deliberate indifference claim against the City fails—Mr. Collier has alleged no facts that plausibly suggest an official or unofficial City policy that caused the constitutional violations Mr. Collier complains of. Indeed, the only allegation made in the second amended complaint on this count is that the City "negligently failed to provide adequate supervision and training to its employees, Defendants Wilder and Bouyer." (*Id.*). That bare allegation simply does not render plausible a § 1983 claim for municipal liability.

If the claim is brought under Alabama state law, it fails because "Alabama law does not recognize a cause of action against a municipality or supervisor for negligent training or

supervision." *Doe v. City of Demopolis*, 799 F. Supp. 2d 1300, 1312 (S.D. Ala. 2011). Numerous courts have recognized this principle. *See, e.g.*, *Borton v. City of Dothan*, 734 F. Supp. 2d 1237, 1258 (M.D. Ala. 2010) (granting summary judgment for municipality on negligent training/supervision claim because "no Alabama court has expressly recognized a cause of action against a municipality for a supervisor's negligent training or supervision of a subordinate"); *Hamilton v. City of Jackson*, 508 F. Supp. 2d 1045, 1057-58 (S.D. Ala. 2007) (same); *Ott v. City of Mobile*, 169 F. Supp. 2d 1301, 1314-15 (S.D. Ala. 2001) (same). And more to the point, Mr. Collier failed to address the City's argument that Alabama does not recognize a cause of action against municipalities for negligent training or supervision in his response brief. (Doc. # 56). Thus, Mr. Collier has conceded his negligent supervision and training claim. *See Childress v. Walker*, 943 F. Supp. 2d 1332, 1349 (M.D. Ala. 2013) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). The claim is accordingly due to be dismissed.

## IV. Conclusion

For the reasons explained above, Defendants' Motion to Dismiss (Doc. # 52) is due to be granted in part and denied in part. All claims against the City of Bessemer are due to be dismissed for failure to state a claim upon which relief can be granted. But Mr. Colliers' deliberate indifference claim against the individual officers may proceed. An Order consistent with this Memorandum Opinion will be entered.

DONE and ORDERED this September 11, 2018.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE